UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALARIC DONYA SCOTT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RUTH YOUNG,<br><br>Defendant. | No. 2:18-cv-00486-KJM-CKD PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Alaric Donya Scott, Jr., who proceeds in this action without counsel,[1] has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that defendant Ruth Young is subject to absolute immunity in this matter. Accordingly, the court recommends that the action be dismissed without leave to amend and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

---
[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

The United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).

Here, plaintiff has named defendant Ruth Young in her official capacity as a prosecutor for the Sacramento County District Attorney's Office. In the complaint, plaintiff claims that certain California statutes violate the United States Constitution. (See ECF No. 1 at 8 ("Plaintiff seeks to establish that the recognition and incorporation of the 1st, 6th, 7th, 8th, and 14th Amendment equal protection clause, renders the State's statutes unconstitutional.").) However, plaintiff has only named Ruth Young as a defendant, related to her prosecution of plaintiff under the purportedly unconstitutional California statutes (id. at 9)—activities for which defendant is absolutely immune from civil suit.[2] See Imbler, 424 U.S. at 431.

Additionally, the court notes that plaintiff indicates that he is represented in this matter by A.J. Scott, who appears to be a non-attorney. (See ECF No. 1 at 7, 15.) Although "parties may plead and conduct their own cases personally," see 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right" and a person appearing pro se has no authority to represent others. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); see also Hou 1778 Hawaiians v. United States Dep't of Justice, 2016 WL 335851, at *3 (D. Haw. Jan. 27, 2016); Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than

---

[2] To the extent that plaintiff seeks a declaration that the California statutes are unconstitutional (see ECF No. 1), there is no basis for such a ruling in this matter because the complaint does not state an actual controversy between plaintiff and defendant. See 28. U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration. . ."); Taylor v. U.S. Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952) ("[A]s the complaint apparently seeks a declaratory judgment concerning matters which do not present an actual controversy it clearly fails to state a cause of action.").

himself.") (citations and quotation marks omitted).

A.J. Scott is cautioned that under California law, "[a]ny person . . . holding himself or herself out as practicing or entitled to practice law or otherwise practicing law who is not an active member of the State Bar, or otherwise authorized pursuant to statute or court rule to practice law in this state at the time of doing so, is guilty of a misdemeanor punishable by up to one year in a county jail or by a fine of up to one thousand dollars." Cal. Bus. & Prof. Code § 6126(a).

Furthermore, under federal law, A.J. Scott may not represent Alaric Donya Scott, Jr. under a "Special Power of Attorney," or as his duly "authorized Trustee," or "agent." See In re Foster, 2012 WL 6554718, *5 (9th Cir. B.A.P. Dec. 14, 2012); Barker v. JP Morgan Chase Bank, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016) ("[T]he existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney.") (citation and quotation marks omitted); Harris v. Philadelphia Police Dep't, 2006 WL 3025882, *3 (E.D. Pa. 2006) ("[F]ederal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); Hale Joy Tr. v. C.I.R., 57 Fed.Appx. 323, 324 (9th Cir. 2003) ("A non-attorney trustee may not represent a trust pro se in an Article III court.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

| | |
|---|---|
| 1 | These findings and recommendations are submitted to the United States District Judge |
| 2 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) |
| 3 | days after being served with these findings and recommendations, any party may file written |
| 4 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 5 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections |
| 6 | shall be served on all parties and filed with the court within fourteen (14) days after service of the |
| 7 | objections. The parties are advised that failure to file objections within the specified time may |
| 8 | waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th |
| 9 | Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991). |

Dated: April 11, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.18-486.scott.f&r dismiss wolta